# IN THE UNITED STATES DISTRICT COURT
*for the*
### SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| **WILLIS DEAN,** *Plaintiff,* vs. **NESTLE PURINA PET CARE COMPANY,** *Defendant.* | Civil No. _____ **COMPLAINT** and **JURY DEMAND** |

The Plaintiff, by and through his attorneys, Puryear Law P.C., hereby files his Complaint and Jury Demand under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 for damages suffered as a result of the Defendant's racial discrimination and involuntary termination. In support of his Complaint, the Plaintiff respectfully states the following:

**I. Parties**

1. The Plaintiff, Willis Dean, is an individual who, at the time of the incident, was a citizen of the State of Iowa.

2. The Defendant, Nestle Purina Pet Care Company is a Missouri corporation, incorporated under the laws of the State of Missouri. At the time of the allegations it was operating a plant in Davenport, Scott County, Iowa. Its registered agent's address isCT Corporation System 400 E Court Ave., Des Moines, IA 50309.

## II. Jurisdictional Statement

3. Jurisdiction of this Court is invoked under 28 U.S.C. § 1331, as this action arises out of the laws of the United States in that it alleges causes of action under 42 U.S.C. § 1981 and Title VII of the Federal Civil Rights Act of 1964.

4. The Court further has jurisdiction under 28 U.S.C. § 1343 (3) and (4) which gives district courts jurisdiction over actions to secure civil rights extended by the United State government.

5. The Court further has jurisdiction under 28 U.S.C. § 1367, which gives the district court supplemental jurisdiction over state law claims.

6. Venue is proper pursuant to 28 U.S.C. § 1391, as this is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …."

## III. Exhaustion of Administrative Procedures

7. The Plaintiff has complied with procedural requirements in that the filed a Complaint with the Equal Employment Opportunity Commission, and he commenced this action within 90 days of the date of the issue date of such Notice of Right to Sue by the Equal Employment Opportunity Commission (*See* Exhibit 1, attached here and incorporated as if fully set forth below).

8. The Plaintiff additionally cross filed complaints with the Iowa Civil Rights Commission and the Davenport Civil Rights Commission, from which he has received a Right to Sue letter. He has received a Notice of Right to Sue from the Davenport Civil Rights Commission. (*See* Exhibit 2).

## IV. Factual Allegations

9. Plaintiff began his employment as a Fork Truck Driver with the Defendant Company on or about April 14, 2012.

10. Plaintiff is an African American male.

11. At all times during his employment the Plaintiff was qualified and able to perform the work that he was hired to perform.

12. Throughout the course of his employment, the Plaintiff appropriately and professionally performed the duties of his position.

13. On or about April 23, 2016, the Plaintiff was terminated from the Defendant company as a result of what the Defendant claimed as "poor performance."

14. However, the issues identified were the sort of issues that similarly-situated white employees encountered routinely, but did not receive similar discipline for.

15. During his employment with the Defendant company, the Plaintiff worked under a supervisor who was known to espouse negative attitudes toward minorities.

16. During his employment with the Defendant company, the Plaintiff observed other employees referring to black pallets in the warehouse as "slave" pallets.

17. The Plaintiff and other coworkers complained about this to management, but the conduct continued.

18. The Defendant Employer failed to take remedial action to prevent the discriminatory and harassing conduct of one of the Plaintiff's supervisors.

19.     The Defendant Employer skipped steps in its progressive discipline policy with regard to the Plaintiff where they had not done so in the past with regard to his similarly situated white coworkers.

20.     It is appropriate for the Court to assess punitive damages against the Defendant under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, as the Defendant's actions in contributing to racial discrimination were wanton and malicious, with reckless disregard for the Plaintiff's rights, and that punitive damages should be awarded to the maximum extent available for the number of employees employed by the Defendant.

21.     It is appropriate to award the Plaintiff with reasonable attorneys fees and costs under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

**Count I**
**Racial Discrimination under Title VII of the Civil Rights Act**

22.     The Plaintiff incorporates and reasserts the allegations set forth in the preceding paragraphs as though they were fully set forth herein.

23.     The Defendant company discriminated against the Plaintiff on account of his race in several ways during the course of his employment with the Defendant company, including providing him worse work assignments, failing to provide him available work, and failing to provide him with accommodations provided to other, similarly situated workers. Ultimately, the Plaintiff was disciplined by the Defendant employer on account of his race where similarly situated coworkers were not.

24. These actions on the part of the Defendant employer constitute unlawful racial discrimination in employment under Title VII of the Civil Rights Act.

25. Plaintiff seeks an award of damages from the Defendant for compensatory damages, punitive damages, prejudgment interest, post-judgment interest, costs, reasonable attorney's fees, injunctive relief, and such other relief as the Court may find appropriate.

**Count II**
**Racial Discrimination under the Iowa Civil Rights Act**

26. The Plaintiff incorporates and re-alleges the foregoing paragraphs of this Complaint as if fully set forth here.

27. As set forth above, the Defendant company discriminated against the Plaintiff on account of his race.

28. This conduct constitutes unfair and discriminatory practices under the Iowa Civil Rights Act.

29. Plaintiff seeks an award of damages from the Defendant for compensatory damages, punitive damages, prejudgment interest, post-judgment interest, costs, reasonable attorney's fees, injunctive relief, and such other relief as the Court may find appropriate.

**Wherefore**, the Plaintiff respectfully prays that this Court enter judgment against the Defendant for the following:

    a. Compensatory damages in an amount in excess of $50,000, exclusive of costs and interest;

    b. Punitive damages against the Defendant in whatever amount the Plaintiff is

found to be entitled.

c. An order placing the Plaintiff in the position that he would have been in had there been no violation of his rights.

d. An order restraining/enjoining the Defendant company from further acts of discrimination or retaliation.

e. An award of interests, costs, and reasonable attorney's fees.

f. Such other and further relief as this Honorable Court deems equitable and just.

PURYEAR LAW P.C.

By: _____
Eric S. Mail
3719 Bridge Avenue, Suite 6
Davenport, Iowa 52807
(p)   563.265.8344
(f)    866.415.5032
mail@puryearlaw.com
eric@puryearlaw.com
One of the Attorneys for the Plaintiff

# VERIFICATION

I, **Willis Dean**, state under penalty of perjury that the foregoing is true and correct.

Executed on: 2/16/2021   _____
**Willis Dean**, The Plaintiff